

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 7, 1952

Hon. G. E. Brereton, M.D., President
Board of Vocational Nurse Examiners
306 Austin Savings & Loan Building
Austin, Texas

Opinion No. V-1419

Re: Interpretation of the words
"physician" and "licensed
physician" as used in Sec-
tions 5 and 6 of the act
regulating licensing of vo-
cational nurses.

Dear Dr. Brereton:

You have requested our opinion concerning the interpre-
tation of the words "physicians" and "licensed physicians" as
used in Sections 5 and 6 of House Bill 47, Acts 52nd Leg., R.S.
1951, ch. 118, p. 197 (Sections 5 and 6 of Article 4528c, V.C.S.),
regulating the licensing of vocational nurses.

The pertinent parts of Sections 5 and 6 provide:

"Sec. 5. Every person desiring to be licensed as
a Licensed Vocational Nurse or use the abbreviation
L.V.N. in the State of Texas, shall be required to pass
the examination given by the Board of Vocational Nurse
Examiners; the applicant shall make application by pre-
senting to the Secretary of the Board, on forms furnished
by the Board, satisfactory sworn evidence that the appli-
cant has had at least two (2) years of high school educa-
tion or its equivalent, and has attained the age of eigh-
teen (18) years, is of good moral character, and in good
physical and mental health; evidence of this fact shall
be made by submitting an affidavit by a physical on a
form prescribed by the Board; . . .

"Sec. 6. All persons who have practiced or engaged
in the activity as a Vocational Nurse, or any similar
title used for a non-professional unregistered nurse,

under a licensed physician or a director of nurs-
ing service for one (1) year immediately prior to
the effective date of this Act, may procure a license
as a Licensed Vocational Nurse from the Board with-
out examination upon the satisfactory proof as pre-
scribed by the Board of such activity for the required
time, and upon the payment of the fee hereinafter re-
quired. . . ."

We believe from a reading of Article 4528c in its en-
tirety that the words "physicians" and "licensed physicians" as
used in the statute are synonymous. The question then is which
systems of the healing art are included within the words "physi-
cian" and "licensed physician."

House Bill 111, Acts 52nd Leg., R.S. 1951, ch. 154, p.
265 (Article 4490e, V.C.S.), the Healing Art Identification Act,
was enacted at the same session of the Legislature as Article
4528c and indicates the legislative definition of the words "physi-
cian" and "licensed physician." Section 3 of Article 4590e pro-
vides in part:

". . . The following are the legally required
identifications, one of which must be used by
practitioners of the healing art:

(1) If licensed by the Texas State Board of
Medical Examiners on the basis of the degree Doctor
of Medicine: physician and/or surgeon, M.D.; doctor,
M.D.; doctor of medicine; M.D.
(2) If licensed by the Texas State Board of
Medical Examiners on the basis of the degree Doctor
of Osteopathy: physician and/or surgeon, D.O.; Osteo-
pathic physician and/or surgeon; doctor, D.O.; doctor
of osteopathy; osteopath; D.O.
(3) If licensed by the State Board of Dental Ex-
aminers: dentist; doctor, D.D.S.; doctor of dental
surgery; D.D.S.; doctor of dental medicine, D.M.D.
(4) If licensed by the Texas Board of Chiro-
practic Examiners: chiropractor; doctor, D.C.;
doctor of Chiropractic; D.C.
(5) If licensed by the Texas State Board of Ex-
aminers in Optometry; optometrist; doctor, optome-
trist; doctor of optometry; O.D.

> (6) If licensed by the State Board of Chiropody
> Examiners: chiropodist; doctor, D.S.C.; doctor of
> surgical chiropody; D.S.C.
>
> (7) If licensed by the State Board of Naturo-
> pathic Examiners: naturopathic physician; physi-
> cian, N.D.; doctor of naturopathy; N.D.; doctor,
> N.D."

The only practitioners of the healing art who are referred to by the Legislature as "physicians" are persons licensed by the Texas State Board of Medical Examiners or by the State Board of Naturopathic Examiners. It is clear that the term "physician," as used in Article 4528c, cannot include any additional classes of persons. We must, therefore, determine if the term "physician" as used in Article 4528c was intended to include all of those persons designated as "physicians" by Article 4490e.

To assist in this determination, we may look to Article 4590d, V.C.S., the statute which created the State Board of Naturopathic Examiners and provided for the licensing of naturopathic physicians. In Section 5 of that statute, it is provided:

> "No person shall practice or offer, or attempt
> to practice naturopathy in this State, without first
> having obtained a license from the State Board of
> Naturopathic Examiners, as provided for in this Law,
> provided, however, that this Law shall not apply to li-
> censed physicians and surgeons in the regular prac-
> tice of their profession. . . ."

From the above it is seen that in the very act providing for the licensing of naturopathic physicians, the words "licensed physicians" are used as distinguishable from "naturopathic physicians." We think it follows that "licensed physicians" as used in Article 4528c is also distinguishable from "naturopathic physicians."

In support of this conclusion, it may be pointed out that in Section 5 of Article 4528c, it is provided that each vocational nurse shall have been taught the administration of drugs prior to being qualified as Licensed Vocational Nurses. In this connection, Section 18 of Article 4590d, the naturopathic physician licensing act, excludes the administration of drugs from

the methods of treatment used in the practice of naturopathy, and therefore a person trained in the office of a naturopathic physician would not secure the necessary education to become a Licensed Vocational Nurse.

In view of the above, it is our opinion that the words "physicians" and "licensed physicians" as used in Article 4528c include only those persons licensed to practice medicine. This conclusion is in accord with the holding in a letter opinion from this office to the Honorable George W. Cox, M.D., dated May 4, 1950, concerned with the meaning of the word "physician" as used in Rule 40a of Article 4477, V.C.S., regarding the signing of certificates of death. A copy of this opinion is attached for your information.

## SUMMARY

The words "physician" and "licensed physician" as used in Sections 5 and 6 of Article 4528c, V.C.S., the act regulating the licensing of vocational nurses, include only those persons licensed to practice medicine.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Mary K. Wall
Reviewing Assistant

By  E. Jacobson
        E. Jacobson
        Assistant

Charles D. Mathews
First Assistant

EJ:mf